**HACKETT PRECISION COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 71–1619.

United States Court of Appeals, Sixth Circuit.

April 11, 1972.

William N. Ozier, Nashville, Tenn., for petitioner.

Douglas S. McDowell, Atty., N. L. R. B., Washington, D. C., for respondent; Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., on brief.

Before EDWARDS and MILLER, Circuit Judges, and WILSON,* District Judge.

PER CURIAM.

This action comes before the Court on the petition of Hackett Precision Company (whose President is Thomas C. Hackett) pursuant to Sec. 10(f) of the National Labor Relations Act, as amended, to review and set aside an order issued against it by the National Labor Relations Board on May 19, 1971. Pursuant to Sec. 10(e) of the Act, the Board has cross-applied for enforcement of its order.[1]

It was the finding of the Board that the Company (petitioner) violated Sec. 8(a) (3) and (1) of the Act first, by laying off Grady L. Sartain on June 29, 1970, because of his union activities and then by discharging him in response to the anti-union bias of his fellow employees.

In reaching this conclusion the Board disagreed with the decision of the Trial Examiner of December 3, 1970. The Trial Examiner found that Hackett had not violated the Act as alleged in the complaint. We recognize that on review it is our duty to uphold the findings of the Board with respect to questions of fact if they are supported by substantial evidence on the record considered as a whole. 29 U.S.C. Sec. 160(e); N.L.R.B. v. Richard W. Kaase Company, 346 F.2d 24, 29, 30 (6th Cir.

---

* The Honorable Frank W. Wilson, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation.

1. The Board's decision and order are reported at 190 NLRB, 72. As the evidence is there adequately stated, we find no reason to restate that evidence here. Suffice it to say that it is with the inferences drawn from the evidence by the Board with which we find ourselves in disagreement.

**464**

1965). In this instance, however, we find ourselves in agreement with the Trial Examiner. Contrary to the Board's view, we are unable to discover any substantial evidence in the record supporting the Board's conclusion that Sartain was laid off from work or discharged because of his union activities, (which at most had been minimal) or because Hackett yielded to the anti-union bias of his employees.

 Considering the entire evidence, we are of the view that Sartain's discharge was complete on June 29th rather than on July 1st. The Board's finding that Hackett had knowledge of Sartain's union activities on June 29th when he was laid off is based upon a mere inference derived primarily from the fact that the company operated a small plant of some 35 to 40 employees and the Board's conclusion that it is incredible to believe that Hackett did not know everything that was going on. Hackett's own positive testimony that he did not know of Sartain's union activities and his efforts to organize the employees was found to be credible by the Trial Examiner and there is no substantial contrary evidence.

Furthermore, if the effective date for Sartain's discharge be considered as having occurred on July 1st, no substantial evidence appears to support a conclusion that the discharge was related to Sartain's union activities or that it was caused by the anti-union bias of the other employees. It is true that the employees complained on July 1st shortly following an election, when the employees voted overwhelmingly against the union, to the effect that Sartain was a troublemaker and a rabblerouser and that he was trying to create trouble between different groups of employees. Nevertheless, it cannot reasonably be inferred from these complaints that Hackett in discharging Sartain was yielding to the complaints of his employees because of any anti-union bias on their part.

There is convincing evidence in the record that Hackett himself had belonged to a union, that he advised his employees to vote for and to belong to a union if they desired to do so, and in fact that he was not in any way opposed to having his employees represented by a union. There is further substantial evidence that Sartain had not been a satisfactory employee, that Hackett kept him on for a while because he felt sorry for him, and that his discharge was brought about by his own incompetence and indifference to his work and not for any reason prohibited by the Act.

We conclude therefore that the Board's order of May 19, 1971 relative to the discharge of Grady L. Sartain must be set aside and that the cross-application of the Board for the enforcement of its order of discharge of the said employee must be and it is hereby denied.